```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

COREY ALAN BENNETT,              )
                                 )
        Plaintiff                )
                                 )    No. 3:15-0617
v.                               )    Judge Campbell/Brown
                                 )    **Jury Demand**
OFFICER JAVIN GRIFFIN, et al.,   )
                                 )
        Defendants               )
```

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

The Plaintiff has filed three motions in this matter on October 29, 2015.

The first is a motion for injunctive relief directing the Department of Corrections to transfer the Plaintiff to a new prison (Docket Entry 53).

The second (Docket Entry 54), although filed as a motion for a temporary protective order, is actually a motion for injunctive relief, directing Warden Westbrooks to have no contact or make any decisions concerning the Plaintiff and to order that a camera placed in the Plaintiff's cell be removed.

The third (Docket Entry 55) is a motion for injunctive relief, again requesting the removal of cameras placed in the Plaintiff's cell.

The Defendants promptly filed a response (Docket Entry 56) accompanied by an affidavit from Warden Westbrooks (Docket Entry 56-1).

For the reasons stated below, the Magistrate Judge recommends that three motions for injunctive relief be denied.

**BACKGROUND**

This is one of a series of complaints this Plaintiff has repeatedly filed against numerous state defendants. In his complaint (Docket Entry 1) he alleges that on May 8, 2015, an officer left the pie flap on his cell door open and allowed an inmate to throw urine and feces at him. He then alleges he complains that other officers started beating him and left him in an unconscious state. He then alleges that the next day when he tried to get other officers and Warden Westbrooks to do something about this, they all started beating him again, leaving him with cuts and abrasions across his body. He alleges that some of the officers paid another inmate, who they allowed to keep an unauthorized television in his cell, to kill him. He contends that his life is therefore in imminent danger and the Court must grant him injunctive relief.

**LEGAL DISCUSSION**

The Magistrate Judge believes that the prompt response of the Defendants is well-taken and the Magistrate Judge therefore adopts it as grounds for denying the Plaintiff's motions.

The Magistrate Judge is particularly struck that the Plaintiff's motion for the removal of a camera in his cell (Docket Entries 54 and 55) is frivolous and nonsense. This Plaintiff has previously filed numerous lawsuits alleging that all sorts of

atrocities are being committed against him, including one case where he contended that the Governor personally assaulted him. Given these repeated allegations, the prison officials would be irresponsible to not put up some kind of camera system to monitor the Plaintiff in order to refute his repeated, and what so far appear to be bogus claims, of assault, rape, and other intimidations.

It appears to the Magistrate Judge that the real reason the Plaintiff wants the cameras removed is so that the Defendants will not have a ready answer to his repeated allegations against prison officials and other inmates.

The Magistrate does not believe that:

(1) The Plaintiff has a strong, substantial likelihood or probability of success on the merits.

(2) The Plaintiff has not shown irreparable injuries. In fact, despite the Plaintiff's repeated claims that his life is in danger for over a year, and he has repeatedly been left unconscious many times, it appears from the number of suits and other pleadings that he has filed, that he is in remarkably good health.

(3) The issuance of preliminary injunctions along the lines the Plaintiff has requested unreasonably interfere with the management of prisons by those management it is entrusted to. Unquestionably,

3

moving the Plaintiff to a new prison would simply give him a new set of officials to file lawsuits against.

(4) Finally, the public interest would not be served by the Court attempting to micro-manage the prison system, particularly with a plaintiff who appears to make it one of his life's ambitions to repeatedly file frivolous lawsuits, many of which he has voluntarily dismissed once defendants have answered.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that these three motions be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of November, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge