```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

| | | |
|---|---|---|
| COREY ALAN BENNETT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:15-0617 |
| v. | ) | Judge Campbell/Brown |
| | ) | **Jury Demand** |
| OFFICER JAVIN GRIFFIN, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE TODD J. CAMPBELL, JR.**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends this case be dismissed with prejudice with a recommendation that the Plaintiff receive mental health evaluation as outlined by the State in their response to Plaintiff's motion for an order directing he be transferred to the DeBerry Special Needs Facility (Docket Entry 82).

## BACKGROUND

Mr. Bennett over the years has filed well over 30 cases cases against various State and prison officials throughout the State of Tennessee. He avoids the initial dismissal, because he has three strikes under the Prison Litigation Reform Act, by contending that he is in imminent danger, and he has claims of numerous injuries–broken bones, stitches, rape by various officials and inmates.

In one of his other cases against the Department of Corrections (*Bennett v. Brown*, Case 3:15-CV-0937) Judge Haynes, on initial review (Docket Entry 5) directed that only Warden

Westbrooks be served and the Magistrate Judge conduct a hearing to determine whether there was any merits to the Plaintiff's claims. In particular, in the *Brown* case the Plaintiff contended that he had spent four days in intensive care at Vanderbilt University and suffered cuts that required 29 stitches, a broken collar bone, a broken jaw, two black eyes and a broken left arm.

The undersigned conducted the hearing on December 16, 2015, where Warden Westbrooks appeared and brought the Plaintiff's medical records, as well as transport records which showed any transportation of the Plaintiff outside of the prison. A transcript of that hearing has been filed.[1]

At the hearing in the 937 case the State submitted the Plaintiff's medical records and his transport records (Defendants' Exhibits 1 and 2) along with an extensive report by the TBI of an investigation of allegations the Plaintiff made against a physician employed by a provider of medical services at Riverbend Maximum Security Prison where the Plaintiff was incarcerated (Exhibit 3). A review of the Plaintiff's medical records (Defendants' Exhibit 2 at the hearing) showed that the Plaintiff had not been treated for the injuries he claimed at Vanderbilt, and an examination of the transport records (Exhibit 1 at the hearing) established there were no transport records showing his transportation to Vanderbilt or any other medical facility. The TBI investigation (Defendants'

---

[1]The transcript states that the hearing was held on December 17, 2015. This is an error. The hearing was held as scheduled on December 16, 2015.

Exhibit 3) found the report of misconduct by the physician was unfounded.

At the hearing, Warden Westbrooks testified concerning his dealings with the Plaintiff and specifically denied all of the allegations against him and the other individuals. He stated unequivocally that the Plaintiff had never been transported from Riverbend to Vanderbilt Medical Hospital. He explained the Plaintiff was kept in a single cell under 24-hour camera surveillance for his own protection and for the protection of the staff, given the allegations the Plaintiff made in his lawsuits. He explained that Plaintiff could not be put in the general population because he had made enemies of both black and white gangs. The Plaintiff had no questions of the Warden (Docket Entry 50, trans. pp. 7-11).

The Magistrate Judge pointed out to the Plaintiff some of the allegations that he had made in some of his other lawsuits about broken bones and advised him that this was his opportunity to say what he had to say to support his various claims (Docket Entry 50, pp. 12-13). The Plaintiff said that despite this advice he did not want to ask the Warden any questions. He stated that he had mental health problems and that when he got frustrated he coped with his frustrations by filing frivolous lawsuits.

Plaintiff stated he was trying to do better. He admitted that he had not been transported to Vanderbilt and stated he was never going to file another complaint in the court. He was asked if

3

he understood the seriousness of filing a lawsuit in which he swore that these things occurred and the serious consequences that this had on the individuals he sued, the expense to the State in defending those claims, as well as the Court's time in attempting to resolve the matters. Plaintiff advised that he was aware of the consequences and that he knew he was simply getting himself deeper and deeper in a hole with his frivolous lawsuits (Docket Entry 50, Trans. 13-15).

The undersigned discussed with the Warden and the Plaintiff the possibility of a recommendation that the Plaintiff be transferred to the DeBerry Special Needs Facility for mental treatment. The Warden thought at the time of the hearing that a transfer to DeBerry would be his recommendation (Docket Entry 50, Trans. 17-21).

The Plaintiff filed a motion in the 937 case (Docket Entry 46) and in this case (Docket Entry 79) that the State be ordered to transfer him to DeBerry for mental health treatment. Although at the hearing Warden Westbrooks stated that he believed a transfer to DeBerry would be appropriate, the State responded to the motion pointing out that since the hearing, unfortunately, the Plaintiff had scratched threats on his cell wall and sent a letter stating that he had been communicating with numerous high-ranking members of the vice lords to have them kill the Assistant Department of Corrections Commissioner and his family (Docket Entry 48 in the 937 case). The Warden further noted that the Plaintiff

4

had previously threatened and committed a physical assault on a female doctor who would be responsible for overseeing his care at DeBerry.

The Warden stated that he believed it would be ill-advised at the present time to move the Plaintiff to any facility other than the maximum security facility where he is presently confined. He proposed that the Department provide the Plaintiff with a thorough mental health evaluation that would be conducted at his current institution by the Director of Psychiatry, Dr. Corizon, the prison's mental health service provider. This physician has not had any previous contact with the Plaintiff and has not been involved with his treatment. The evaluation report would be kept with the Plaintiff's mental health records.

The State further committed that after the evaluation they would continue to adjust the Plaintiff's mental health treatment consistent with the evaluation and recommendations as needed, and concerning his placement at the appropriate correctional institution.

The Magistrate Judge has recommended in the 937 case that the Plaintiff's case be dismissed with prejudice, but with the recommendation that he be given a mental health evaluation as suggested by the State (Docket Entry 54 in the 937 case).

**LEGAL DISCUSSION**

As noted above, at the hearing the Plaintiff admitted that his complaints in the various lawsuits were not true, that he

had not been injured as alleged, and that he filed his lawsuits out of frustration. The Magistrate Judge is satisfied that while the Plaintiff has mental health problems, the Plaintiff understood the consequences of what he was saying. It is clear from the records that the Plaintiff's allegations against all of the Defendants in this case are false, and the case must be dismissed as frivolous.

The Plaintiff, in his motion for a transfer to DeBerry (Docket Entry 79), has cited an order by Senior Judge Haynes in the case of *Dunn v. Killingsworth*, Case 1:13-CV-114, directing that the Plaintiff in that case be transferred to DeBerry for mental health reasons (1:13-CV-114, Docket Entry 135). The undersigned has serious doubts, given the fact that the Plaintiff admits that his claims in this case are frivolous and are therefore subject to immediate dismissal, that the Court retains jurisdiction to order the Department of Corrections to make such a transfer, particularly given the more recent opinion of the Sixth Circuit in *Hearing v. Sliwowski*, 806 F.3d 864 (6th Cir. 2015). Nevertheless, the Magistrate Judge believes that in the order of dismissal it would be appropriate for the Court to recommend that the State adopt the program suggested in its response (Docket Entry 82).

## RECOMMENDATION

Accordingly, the Magistrate Judge recommends that the Plaintiff's motion for an order transferring him to DeBerry Special Needs Facility (Docket Entry 79) be denied, that this case be dismissed as frivolous, that acceptance and adoption of this Report

and Recommendation constitute the final judgment in this action, that any appeal not be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and that dismissal of this action count as a strike under 28 U.S.C. § 1915(g).[2]

In the order of dismissal, the Magistrate Judge would make as a recommendation only that the State carry out the examination outlined in its response (Docket Entry 82).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of February, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[2] A check of the records shows that the Plaintiff has had at least three civil lawsuits that were previously dismissed as frivolous or for failure to state a claim.